UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:18CR739 AGF (SPM) |
| LAMAR McDONALD, | ) ) ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") filed by Magistrate Judge Shirley Padmore Mensah, recommending the involuntary administration of psychiatric medications, pursuant to *Sell v. United* States, 539 U.S. 166 (2003). (Doc. No. 719).[1] All pretrial motions were referred to United States Magistrate Judge Shirley Padmore Mensah under 28 U.S.C. § 636(b). Defendant has filed objections to the R&R.

As more fully set forth in the Magistrate Judge's Opinion, Defendant Lamar McDonald is charged in a multi-defendant indictment with conspiracy to distribute and possess with intent to distribute methamphetamine. The indictment describes Defendant as a high-level member of a drug trafficking organization that arranged for the transportation of large quantities of methamphetamine from California to St. Louis for distribution, and alleges that members of the organization possessed firearms in

---

[1] Judge Mensah originally issued a sealed Memorandum Opinion and Order for Involuntary Medication to Restore Defendant's Competency. (Doc. No. 718; the "Opinion"). At the request of the parties, Judge Mensah reissued her Opinion and Order as a Report and Recommendation (Doc. No. 719), incorporating her prior Opinion.

furtherance of their drug trafficking activity.  (Doc. No. 2).  The offense is punishable by a mandatory minimum sentence of ten years and a maximum sentence of life.

After protracted pretrial proceedings, Defendant filed motions to suppress evidence.  At the evidentiary hearing, defense counsel, for the first time, raised concerns regarding Defendant's mental health.  Defense counsel thereafter filed a motion for a local competency examination (Doc. No. 503), which the Court granted.  Dr. John Rabun, who was retained by defense counsel, concluded after his examination that Defendant "suffers from Unspecified Schizophrenia Spectrum and Other Psychotic Disorder," and that he was "mentally incompetent" to stand trial, but that his "capacity to stand trial can be restored after he receives treatment for his mental disease."  (Doc. No. 510, at 1, 12).  Defendant was thereafter committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d)(1) for treatment and evaluation.

Defendant was not cooperative with the evaluation and treatment, and questions were raised regarding possible malingering.  Opinion, at 4-6.  After further status hearings, Defendant was committed for an additional period of time to clarify the diagnosis.  On December 7, 2021, the Court received a forensic update concluding that although Defendant is malingering, he also suffers from Unspecified Schizophrenia Spectrum and Other Psychotic Disorder.  *Id.* at 7.  The report further concluded that Defendant is incompetent and "substantially unlikely to be restored to competency in the foreseeable future in the absence of antipsychotic medication."  *Id.*  Defendant repeatedly refused to consider voluntarily consenting to antipsychotic medication.  The

2

government thereafter filed a sealed Motion for Involuntary Medication of Defendant Lamar McDonald in Order to Restore His Competency to Stand Trial. (Doc. No. 695).

The Magistrate Judge held a hearing by video on the government's motion on February 15, 2022. The forensic update reports of Dr. Lea Ann Preston Baecht dated June 7, 2021, September 19, 2021, and November 15, 2021, (Exhibits 1, 2 & 3), and the Proposed Treatment Plan of Dr. Sarrazin, dated January 10, 2022 (Exhibit 4) were admitted into evidence. (Doc No. 734). In addition, as noted above, the evaluation report of Dr. Rabun is a part of the record. At the hearing, the government presented the testimony of Dr. Sarah Hampton, a forensic unit psychologist who took over Defendant's case following the retirement of Dr. Preston Baecht, and Dr. Robert Sarrazin, Chief of Psychiatry, both at the U.S. Medical Center for Federal Prisoners at Springfield, Missouri. Dr. Sarrazin testified extensively regarding the proposed treatment plan. The witnesses were cross-examined by defense counsel. The parties thereafter submitted post-hearing briefs.

In the Opinion, the Magistrate Judge thoroughly discussed the evidence and the relevant factual and legal considerations, and concluded that the Government had met its burden to establish each of the four factors in *Sell*, namely: "(1) that an important government interest is at stake; (2) that involuntary medication will significantly further that governmental interest; (3) that involuntary medication is necessary to further that interest; and (4) that administration of the drugs is medically appropriate." *United States v. Mackey*, 717 F.3d 569, 573 (8th Cir. 2013) (citing *Sell*, 539 U.S. at 180-81). Judge Mensah concluded that the Government had established "by clear and convincing

evidence, that the administration of the drugs in the treatment plan is medically appropriate, i.e., in [Defendant's] best medical interest considering his medical condition."  Judge Mensah specifically found "there is a substantial likelihood that Defendant . . . can be restored to competency without causing side effects that would prejudice his ability to assist in his defense and receive a fair trial."  Opinion, at 23.  She therefore recommended forcible medication pursuant to the proposed treatment plan.

Defendant filed objections to the R&R.  (Doc. No. 724).  Defendant does not object to the findings in the Opinion with respect to the first three *Sell* factors, and the undisputed evidence supports findings that there is an important government interest at stake, that involuntary medication will significantly further that governmental interest, and that involuntary medication is necessary to further that interest.  Defendant objects only to the conclusion with respect to the fourth factor, namely, that forcible medication with antipsychotic drugs is medically appropriate, or in Defendant's best medical interest in light of his medical condition.  (Doc. No. 724, at 1).  The government filed a response to the objections.  (Doc. No. 725).

When a party objects to a Report and Recommendation concerning a motion in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion for involuntary medication, including a review of the forensic medical reports and the transcript of the hearing

4

testimony. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly concluded that the government met its substantial burden and that forcible medication consistent with the Proposed Treatment Plan dated January 10, 2022, is appropriate.

Defendant objects to the conclusion that the administration of antipsychotic medication is medically appropriate, asserting that Dr. Preston and Dr. Hampton did not provide testimony specific to Defendant, and that Dr. Sarrazin did not consider the risks of medication to Defendant's health. Defendant specifically contends that the Opinion omitted to address Defendant's medical conditions of hypertension, Stage 3 chronic kidney disease with only one kidney, and diabetes in apparent remission.

The Court disagrees. The reports and witnesses did, in fact, provide information specific to Defendant. Further, in the Opinion, Judge Mensah specifically noted Dr. Sarrazin's testimony "about the measures medical staff would take to account for McDonald's specific health concerns such as diabetes, hypertension, and kidney disease during treatment." (Opinion, at 18). Judge Mensah found "Dr. Sarrazin credibly testified that possible side effects raised by defense counsel are routinely managed at the facility through changing the dosage, changing the medication or using additional medications," and concluded that Defendant could be treated safely. *Id.* at 18-19.

These findings and conclusions are well supported by the evidence. A considerable portion of Dr. Sarrazin's testimony was directed to Defendant's medical conditions. He testified that Defendant's laboratory results show that he does not currently need to take medication for diabetes but that, because of his history, he will be

5

monitored for any elevated blood glucoses, and will be monitored closely by staff for any indications of diabetes and the need to change or add medication to address such condition. He also proposed to first try medications less likely to cause weight gain. Dr. Sarrazin further testified that the proposed medications will not have a significant interaction with Defendant's current medications for hypertension and chronic kidney disease. In addition, the Springfield medical facility has an experienced nephrology staff, and Defendant would continue to be followed by the nephrology team and other medical staff with experience dealing with kidney conditions. Thus, the Court rejects Defendant's assertion that the treatment plan fails properly to address Defendant's unique medical condition, and agrees that the government has shown by clear and convincing evidence that Defendant can be treated safely.

Nor does the Court accept Defendant's further arguments in support of his contention that the administration of antipsychotic medication is not in Defendant's best medical interest. Defendant's assertions that his diagnosis does not pose a risk to his physical well-being, that he can apparently provide self-care, and does not pose a danger to himself or others do not render treatment of his delusions medically inappropriate or contrary to his best interests. The Eighth Circuit has recognized that "the alleviation of delusion, even for the sake of trial, is nonetheless beneficial to [the defendant]." *United States v. Coy*, 991 F.3d 924, 930-31 (8th Cir. 2021) (quoting *United States v. Curtis*, 947 F.3d 732, 735 (8th Cir. 2014)). As the Opinion correctly explains:

> [t]his element requires the district court to consider all of the circumstances relevant to the particular defendant and to consider the entirety of the consequences of the proposed involuntary medication. Accordingly, the district court must refrain from a myopic analysis consisting only of the

6

defendant's health at trial but must additionally consider relevant circumstances such as the defendant's need for long-term treatment and his current quality of life.

Here, the testimony is undisputed, even from Defendant's own expert, that Defendant is suffering from delusions, that his mental disease is treatable with medication, that antipsychotic medication is the standard treatment for psychotic illnesses like Defendant's, and that such treatment would be appropriate even in a community setting.   Other interventions or supports are unlikely to be successful without antipsychotic medications.   Further, the treatment plan properly addresses possible side-effects of the proposed medication and the impact of Defendant's medical conditions.

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Mensah in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. No. 719] is **SUSTAINED AND ADOPTED,** and the Memorandum Opinion and Order for Involuntary Medication to Restore Defendant's Competency [Doc. No. 718] is **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation are overruled.   [Doc. No. 724]

**IT IS FURTHER ORDERED** that the United States' Motion for Involuntary Medication (Doc. 695) is **GRANTED.**

7

**IT IS FURTHER ORDERED** that the U.S. Medical Center for Federal Prisoners at Springfield, Missouri, is directed to commence the involuntary medication of Defendant consistent with this Court's Order, and consistent with the Proposed Treatment Plan dated January 10, 2022, by Robert G. Sarrazin, M.D. Chief of Psychiatry. This order specifically authorizes the treatment staff at the United States Medical Center for Federal Prisoners in Springfield, Missouri to perform all laboratory assessments and monitoring that are clinically indicated to monitor for medication side effects.

**IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. §4241(d)(2), Defendant Lamar McDonald is hereby committed to the custody of the Attorney General to be hospitalized for treatment at the United States Medical Center for Federal Prisoners in Springfield, Missouri or other suitable facility for an additional reasonable period of time not to exceed four months until his mental condition is so improved that trial may proceed.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 4241(e), the director of the facility in which the Defendant is hospitalized shall file a certificate with the Clerk of the Court if the director determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, so that a hearing can be conducted pursuant to 18 U.S.C. § 4247(d) to determine competency.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2022.

8