UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:18CR00739 AGF (SPM) |
| LAMAR MCDONALD, | ) ) ) |
| Defendant. | ) |

# **ORDER**

This matter is before the Court on pretrial motions filed by Defendant Lamar McDonald. All pretrial motions were referred to United States Magistrate Judge Shirley Padmore Mensah under 28 U.S.C. § 636(b). Defendant filed a series of pretrial motions including a motion to suppress evidence seized from 6003 Napier Avenue pursuant to a search warrant executed on June 13, 2018 (Doc. No. 821), a motion to suppress evidence seized from 525 Rifle Ridge Road pursuant to a search warrant executed on June 13, 2018 (Doc. No. 823), and a motion to suppress evidence seized from electronic devices pursuant to a search warrant issued on August 15, 2018 (Doc. No. 820).[1] The United States filed responses opposing McDonald's motions. Defendant is charged by Indictment with conspiring to distribute and possess with intent to distribute methamphetamine from on or about August 2017 through June 2018, in violation of Title 21, United States Code, Section 846. (Doc. No. 1).

---

[1] Defendant also filed a motion to suppress statements made to law enforcement on June 13, 2018 (Doc. No. 824). This motion was denied as moot based on the Government's assertion that it did not intend to use these statements. The Court agrees that a denial of this motion as moot is the appropriate result.
`

In his motions to suppress the evidence seized from the residences, Defendant primarily asserts that there was no probable cause to search both residences and that the information supporting these search warrants was stale.   In the motion to suppress the electronic devices, Defendant asserts that there was no probable cause to search three of Defendant's cell phones.

Judge Mensah held an evidentiary hearing on January 17, 2025.   FBI Special Agent Megan Schira testified and was subject to cross-examination.   On August 19, 2025, Judge Mensah issued a Report and Recommendation ("R&R"), recommending that Defendant's motions to suppress evidence and statements be denied.   (Doc. No. 896).   Defendant filed objections to the R&R on September 16, 2025 (Doc. No. 901), and the Government responded to the Objections on September 23, 2025 (Doc. No. 902).

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).   The Court conducted a *de novo* review of the motions to suppress, including a review of the transcript of the hearing, and the search warrants and exhibits introduced at the hearing.   Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly concluded that none of the evidence seized pursuant to the search warrants is subject to suppression.

In his Objections Defendant contends that the information in the search warrant affidavit does not implicate drug activity at Rifle Ridge, and that the affidavit in support of both warrants was based on stale information from a confidential source whose dealings with Defendant ended more than eight months prior to the issuance and execution of the search

warrants. However, the Court agrees with the findings of the Magistrate Judge that the search warrants demonstrated Defendant's use of both residences and provided probable cause to search Rifle Ridge as well. The Court also agrees that the information in support of the search warrants was not stale. The affidavits detailed information well beyond that of the confidential source with whom Defendant stopped dealing in September or October 2017. This information incudes Defendant's conversation with co-conspirator Hill on April 20, 2018; the events of April 30 - May 1, 2018; and the intercepted telephone calls in early June 2018, involving a proposed narcotics sale involving Doug Kelsay. Further, assuming *arguendo* probable cause was lacking – a finding this Court does not make -- the Court agrees that the *Leon* good faith exception applies, and Defendant has not challenged this finding in his Objections.

For the reasons set forth in the R&R, the Court also agrees that there was probable cause to search the four cell phones seized from 525 Rifle Ridge. As the Magistrate Judge correctly found, "the search warrant affidavit sufficiently established that McDonald held a major role in a large-scale drug trafficking organization that brought large quantities of methamphetamine from San Diego to St. Louis." R&R at 17. Indeed, this search warrant was requested after the arrest of Hill. At that time Hill made statements implicating himself and Defendant in a large-scale drug conspiracy involving the sale of methamphetamine, and Hill's statements to the agent are summarized in the affidavit. The affidavit also describes calls intercepted on Hill's cell phone that included conversations with McDonald on one of those cell phones regarding their drug trafficking. When the search warrant of the residence was executed, Defendant was arrested in the bedroom where they found four cell phones and more than $40,000 in cash, together with an extended magazine for a handgun and an empty

3

9 mm drum magazine. In addition to this information the affidavit recited the knowledge and experience of Special Agent Megan Vassalli, an experienced agent, regarding the common use of multiple cell phones by drug traffickers. The Court agrees with the finding of the Magistrate Judge that the information in the affidavit provided probable cause to search not only the cell phone on which calls with Hill had been intercepted, but also the other three cell phones Defendant possessed in his bedroom.

Further, even if probable cause were lacking, the Court agrees for the reasons set forth in the R&R that the *Leon* good faith exception applies. Again, with respect to the good faith exception, Defendant has not objected to either the facts or the legal conclusion in the R&R. And there is nothing in the record suggesting that the agents had any reason to believe that the search of the cell phones was illegal despite the authorization of Magistrate Judge Baker, who issued the search warrant.

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections and will adopt and sustain the thorough reasoning of Magistrate Judge Mensah set forth in her Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 896] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence Seized from Electronic Devices (ECF No. 820) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence seized from 6003 Napier Avenue (ECF No. 821) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence seized from 525 Rifle Ridge Road (ECF No. 823) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements (ECF No. 824) is **DENIED as moot.**

                                                              *Audrey G. Fleissig*
                                                              AUDREY G. FLEISSIG
                                                              UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2025.